IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Omar Guyton, ) | C/A No.: 5:22-1185-CMC-KDW |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| Warden of FCI Edgefield, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Omar Guyton ("Petitioner") is a federal prisoner at the Federal Correctional Institution in Edgefield, South Carolina, a facility of the federal Bureau of Prisons ("BOP"). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's Motion to Dismiss, or in the alternative, Motion for Summary Judgment. ECF No. 24. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's Motion. ECF No. 25. On July 14, 2022, Petitioner filed a timely Response in Opposition to Respondent's Motion to Dismiss and/or Motion for Summary Judgment. ECF No. 22. For the reasons that follow, the undersigned recommends the district judge transfer this case to United States District Court for the Eastern District of Arkansas.

I.      Factual and Procedural Background

Petitioner filed the instant habeas petition seeking to challenge a state court conviction and sentence. ECF No. 1-3 at 1. Petitioner alleges he pled guilty in November 2020 to driving while intoxicated-DWI 1ˢᵗ (drugs) in an Arkansas state court. *Id.* Petitioner states he was sentenced to one year probation, jail time waived, and assessed a $1,000 fine. *Id.* Petitioner claims he made two payments on his probation fees and one payment towards his $1,000 fine before his federal supervised probation was revoked. *Id.* Petitioner contends he was sentenced to

39-months imprisonment in the BOP. *Id*. Petitioner claims he has been unable to comply with the conditions of his Arkansas state sentence because of his federal imprisonment. *Id.* Petitioner asks this court to run his State court sentence concurrent with his federal sentence, and to grant him time served and credit for his fines. ECF No. 1 at 9.

II.  Discussion

Respondent moves to dismiss or transfer the instant Petition arguing Petitioner is not challenging his current physical confinement or federal sentence and therefore Petitioner's immediate custodian, the Warden of FCI Edgefield, cannot provide the requested relief. ECF No. 24 at 5. Respondent argues the proper respondent "should be viewed as the entity or person who exercises legal control with regard to the challenged custody, rather than the immediate custodian." *Id.* Respondent contends Petitioner's habeas petition should be filed in a district court that has personal jurisdiction over the legal custodian as alleged in his petition, the State of Arkansas. *Id.*

In his Response to Petitioner's Motion, Petitioner requests that his case be transferred to the District Court of the Eastern District of Arkansas. ECF No. 27.

District courts are authorized to grant writs of habeas corpus "within their respective jurisdictions," 28 U.S.C. § 2241(a), and such writs "shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243.  Therefore, the proper party respondent is generally the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 35 (2004). However, a court may transfer any civil action for the convenience of the parties or witnesses, in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a); *Braden v. 30th Judicial Circuit of Kentucky*, 410 U.S. 484 (1973). Because

habeas proceedings are generally considered civil in nature, *Hilton v. Braunskill*, 481 U.S. 770, 776, courts have treated them as civil actions when determining jurisdiction. *Parrott v. Government of Virgin Islands*, 230 F.3d 615, 620 (3d Cir.2000). *See also, U. S. ex rel. Meadows v. State of N. Y.*, 426 F.2d 1176, 1183 (2nd Cir. 1970), n.9  (explaining habeas proceedings are subsumed under phrase any civil action within the meaning of statute providing for transfer of any civil action for convenience of parties and witnesses, in the interest of justice).

The allegations in Petitioner's habeas petition indicate he seeks to challenge an Arkansas state court conviction and sentence following the revocation of his federal supervised release by the United States District Court for the Eastern District of Arkansas.  ECF No. 1. Additionally, in response to Respondent's summary judgment motion, Petitioner requests that his instant petition be transferred to the District Court of the Eastern District of Arkansas. ECF No. 27.  As it appears the court best situated to grant Petitioner relief is a district court located in the state of Arkansas, the undersigned recommends this case be transferred to the Eastern District of Arkansas.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends this case be transferred to the United States District Court for the Eastern District of Arkansas. If the court accepts this recommendation, Respondent's Motion to Dismiss, or in the alternative, Motion for Summary Judgment, will be rendered moot.

IT IS SO RECOMMENDED.

December 1, 2022  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee s note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C.  636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

5