# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**OMAR GUYTON**                                                                        **PETITIONER**

V.                              NO. 4-23-cv-00004-BRW-ERE

**WARDEN,**
**FCI EDGEFIELD**[1]                                                                   **RESPONDENT**

## RECOMMENDED DISPOSITION

This Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file objections to all or part of this Recommendation. Objections, if filed, should be specific and include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If you do not file objections, you risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record.

---

[1] The Clerk of the Court is directed to change Respondent to "Dexter Payne, the Director of the Arkansas Division of Correction."

When a habeas petitioner challenges a form of custody other than his present physical confinement, the proper respondent is the entity or person who exercises control with respect to the challenged custody. See *Braden v. 30th Judicial Circuit Court of Ky.,* 410 U.S. 484, 494-495 (1973) ("The writ of habeas corpus . . . act[s] upon the person who holds him in what is alleged to be unlawful custody"). Here, Petitioner's immediate custodian is the Warden of the FCI in Edgefield, South Carolina, but he is challenging his possible future state custody related to pending state charges for failure to appear and violation of the terms of his probation. Accordingly, the proper respondent is Dexter Payne, the Director of the Arkansas Division of Correction.

## I. SUMMARY

On April 12, 2022, Omar Guyton, an inmate at the Federal Correctional Institution in Edgefield, South Carolina, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of South Carolina. *Doc. 1*. On January 3, 2023, the District of South Carolina transferred the case here. *Doc. 36*. For reasons that follow, the Court recommends that Mr. Guyton's § 2241 petition be summarily dismissed without prejudice for lack of subject matter jurisdiction.

## II. BACKGROUND

On November 9, 2020, Mr. Guyton pleaded guilty in the District Court of Craighead County, Arkansas to driving while intoxicated. *Arkansas v. Guyton*, No. JOC-20-8270 (Dist. Ct. Craighead Cty) ("DWI case").[2] The state court imposed a 364-day suspended sentence, twelve months' probation, and a $1,000 fine. Id.

At the time of his DWI conviction, Mr. Guyton was serving a term of supervised release in connection with a federal conviction for bank robbery in *United States v. Guyton*, No. 4-09-CR-00083-BSM (E.D. Ark.). On March 10, 2021, United States District Judge Brian S. Miller revoked Mr. Guyton's supervised release and sentenced him to a term of thirty-three months in the Bureau of Prisons ("BOP").

---

[2] Unless otherwise noted, background facts regarding the DWI case are taken from the public record, accessible at https://caseinfo.arcourts.gov/cconnect/PROD/public.

2

*Id., Docs. 94, 95*. Mr. Guyton is currently serving that federal sentence in the Federal Correctional Institution in Edgefield, South Carolina.

On April 6, 2021, after Mr. Guyton began serving his federal sentence, the state of Arkansas filed a petition in the DWI case, seeking to revoke his state probation, along with new charges for failure to comply with probation conditions and for failure to appear. The revocation warrant and additional charges remain pending in the DWI case.

On January 1, 2022, Mr. Guyton submitted a letter in the DWI case, requesting that the state court recall the outstanding arrest warrant and run his state sentence and fine concurrent with his federal sentence. See *Doc. 1 at 8*. On February 10, 2022, the state court denied Mr. Guyton's requests. *Id.*

On April 12, 2022, Mr. Guyton filed the § 2241 habeas petition before the Court in the United States District Court for the District of South Carolina, naming his current custodian, the Warden of FCI Edgefield, as Respondent. *Doc. 1*. Mr. Guyton challenges the state charges pending against him in the DWI case for probation violations and failure to appeal.  By way of relief, he asks for "time served [and] credit for fines" and that his state sentence "run concurrent with [his] federal sentence." *Id. at 9*.

Mr. Guyton's sole ground for relief is that he is "unable to comply" with the state court judgment and the conditions of his probation because he was revoked and

sent back to the BOP. *Doc. 1-3 at 4*. He adds: "I tried to resolve this matter since I've been incarcerated[,] which was denied [for some] reason[,] which leaves the case open for further prosecution once I'm released." *Id*.

On July 7, 2022, Respondent filed a response (*Doc. 24*), asserting that because Mr. Guyton was not challenging his federal conviction, sentence, or any aspect of his federal custody, his proper course was to file a habeas petition in this Court. *Id. at 4*. Mr. Guyton agreed to the proposed transfer (*Doc. 27*), and on January 3, 2023, the District of South Carolina transferred the case to this District. *Doc. 33*.

### III. Discussion

District courts are required to conduct an initial review of habeas petitions and to summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." See Rule 4, Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)); 28 U.S.C. § 2243). In conducting this review, the district court has a duty to decide whether it has subject matter jurisdiction to entertain the petition. See *Northport Health Servs. v. Rutherford*, 605 F.3d 483, 490 (8th Cir. 2010) ("federal courts are obligated to consider lack of subject matter jurisdiction *sua sponte*"). In addition, the district court "may take judicial notice of judicial opinions and public records." *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy,* 200 F.3d 1137, 1140 (8th Cir.1999)).

Section § 2241 provides a potential source of habeas relief for criminal defendants challenging future confinement that could be imposed upon conviction in state court. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). However, to meet jurisdictional requirements, the petitioner must establish that he is "in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3). In addition, where federal habeas review would derail state criminal proceedings, federalism interests dictate that the petitioner must first exhaust his state court remedies³ or demonstrate that "special circumstances" excuse the exhaustion requirement. *Braden*, 410 U.S. at 489 (citing *Ex parte Royall*, 117 U.S. 241, 253 (1886)).

Mr. Guyton fails to meet either requirement. First, he has not appealed the state trial court's ruling denying his pretrial motion to dismiss pending charges; thus, he has not exhausted his state remedies. Second, he fails to allege facts demonstrating that existing state procedures are ineffective to protect his

---

³ In order to fully exhaust his state court remedies, a prisoner must fairly present his federal constitutional claims to the highest available state court before seeking relief in federal court. *See McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997). The exhaustion requirement applies not only to habeas petitions challenging state-court convictions following a trial or guilty plea, but also to habeas petitions challenging a *pending* or *future* state criminal prosecution. *Sacco v. Falke*, 649 F.2d 634, 635-37 (8th Cir. 1981); *Davis v. Muellar*, 643 F.2d 521, 525 (8th Cir. 1981); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir.1986) (requiring exhaustion concerning a § 2241 petition). Because Mr. Guyton as not been tried on the pending state charges for failure to comply with probation conditions and contempt of court, he clearly has *not* exhausted his state court remedies. To do so, he must: (1) present to the state trial court any legal challenge he has based on an alleged violation of federal constitutional law; and (2) then appeal the trial court's denial of his federal constitutional claim(s) to the highest available state appellate court.

constitutional rights or that special circumstances warrant federal intervention in a state criminal case. Instead, he simply argues that it is impossible for him to comply with the terms of his state probation while serving his federal sentence. This argument should be presented in state court when Mr. Guyton appears to answer charges for probation violations and failure to appear.

## IV. Conclusion

For the reasons stated, the Court lacks subject matter jurisdiction to entertain Mr. Guyton's petition.

IT IS THEREFORE RECOMMENDED, *SUA SPONTE*, that Petitioner Omar Guyton's § 2241 petition be DISMISSED, without prejudice, for lack of subject matter jurisdiction.

IT IS FURTHER RECOMMENDED that a certificate of appealability be denied.[4]

DATED this 3rd day of February, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] A certificate of appealability ("COA") is required to appeal from "a final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court." 28 U.S.C. § 2253(c)(1)((A). A COA should not issue because reasonable jurists could debate whether Mr. Guyton's claims should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003).